**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2870

_____

UNITED STATES OF AMERICA,
                                    Appellant

v.

TOREY WHITE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:16-cr-00212-003)
District Judge: Honorable Christopher C. Conner

_____

Argued on October 29, 2024

Before: HARDIMAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Opinion filed: January 15, 2025)

_____

OPINION[*]

_____

Gerard M. Karam
Carlo D. Marchioli [Argued]
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102
        *Counsel for Appellant*

Bernadette Donovan
Matthew L. Engle [Argued]
Donovan & Engle
1134 E High Street
Unit A
Charlottesville, VA 22902
        *Counsel for Appellee*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge.*

During Torey White's triple-homicide trial, the jury foreperson sent a note to the District Court. The note expressed a concern about deliberations. In response, the District Court questioned two jurors outside of the presence of the parties and the court reporter. It also corrected one juror's recollection of the evidence and instructed the jurors to continue deliberating.

After these ex parte conversations with jurors, the District Court confessed its error to the parties and gave them options of how to proceed. One option was to "do nothing and allow the jury to continue deliberations and . . . preserve as an appellate matter whether the Court committed an abuse of discretion in returning the jury to deliberations after [its] initial sort of fact finding mission." App. 3192. After the jury returned its verdict, the Court granted White's motion for a new trial due to its erroneous ex parte conversations with jurors.

On appeal, the government argues that White waived or forfeited his claim for a new trial. We will affirm the District Court's order.

**I**

A grand jury returned an indictment charging White and several co-defendants with crimes related to a 2016 triple murder. White proceeded to trial, where he hotly contested the government's evidence over eleven days of testimony.

On the second day of jury deliberations, the foreperson sent the District Court a note. The note said three jurors were concerned that Juror No. 1 had knowledge of the case obtained outside of the courtroom. In response, the Court separately called the

3

foreperson and Juror No. 1 into a conference room to question them. The Court determined that Juror No. 1 had no outside information; rather, Juror No. 1 had an incorrect recollection of a certain witness's testimony. The Court corrected Juror No. 1's recollection of what the witness said. The Court then explained the misunderstanding to the foreperson, assured her that Juror No. 1 could be impartial, and directed her to welcome Juror No. 1 back into deliberations.

A few minutes after speaking with those two jurors, the District Court assembled counsel in the courtroom. It reported that it had received a note expressing concern about a juror having outside knowledge about the case, and that it had determined the note stemmed from a clear miscommunication between the jurors. White's counsel asked whether the Court's conversations with jurors had been on the record (they had not), and told the Court, "We'll discuss it." App. 3189. The Court then adjourned the conference.

Two hours later, the District Court assembled the parties and counsel for a second conference. It stated that it had erred by having ex parte and off-record conversations with jurors. It also expressed concern about disrupting deliberations again by calling the two jurors back in to create an appropriate record. Given its error and concern about additional disruptions, the Court asked the parties what they would like to do. The Court proposed three options: it could (1) attempt to recreate from its memory the conversations with the two jurors; (2) call the jurors in again and question them on the record and with the parties present; or (3) "do nothing and allow the jury to continue deliberations and you can preserve as an appellate matter whether the Court committed an abuse of discretion in returning the jury to deliberations after my initial sort of fact finding mission

4

to determine what the nature of the dispute was." App. 3192. Defense counsel agreed that the deliberations should not be disrupted, and they requested more information about the Court's conversations with the jurors.

The prosecution also agreed that the jury's deliberations should continue uninterrupted. One of the prosecutors stated: "I don't think there's a need to create a record at this point. If there is a verdict, and it is against the Defendant, then there would be a reason to create a record and maybe something to do at that point with speaking to any of the jurors to see if any of that conduct affected their deliberations." App. 3195–96. The District Court then informed the parties where its conversations with the jurors took place, briefly summarized the conversations, and adjourned the conference.

A few hours later, the jury returned a divided verdict. It convicted White of three counts of murdering a witness, and it acquitted him of the remaining eight counts brought against him.[1]

After the verdict, White sought a new trial based on the District Court's ex parte, off-record conversations with jurors. The government opposed the motion, arguing that White waived his opportunity to object to those interactions. In the alternative, the government argued that the District Court did not err by having ex parte conversations

---

[1] As the District Court later stated, the verdict was "both internally inconsistent and difficult to reconcile with the evidence, the substantive instructions, and the government's theory of the case. By all accounts, the jury appears to have returned a quintessential compromise verdict." App. 28.

with the jurors, and any challenge to the conversations could not satisfy plain-error review.

The District Court determined that White neither waived nor forfeited a challenge to its interactions with the jurors. It reasoned that the Court and the parties "proceeded under the third option" the Court provided them—they "d[id] nothing," which allowed the jury to continue its deliberations and permitted White to "'preserve as an appellate matter' whether [the Court] had erred in handling the juror note." App. 17 (quoting App. 3192). It found it "clear from the record that all involved, including counsel for the government, understood proceeding in this way would not inhibit White's ability to revisit the issue post-trial." *Id.* Turning to the merits, the District Court concluded that its ex parte conversations with the jurors violated White's rights under the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 43(a), so it granted the motion for a new trial. The government timely appealed.

**II[2]**

In this appeal, the government argues that White waived his claim for a new trial based on the District Court's ex parte conversations with two jurors. In the alternative, the government argues that White forfeited his claim by failing to request a mistrial or other relief upon learning of the ex parte conversations. We review a district court's determination about whether a party waived or forfeited an argument for abuse of

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3731.

discretion.  *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023); *Kars 4 Kids Inc. v. America Can!*, 8 F.4th 209, 219 n.9 (3d Cir. 2021).  We also review a district court's ruling on a motion for new trial for abuse of discretion.  *United States v. Quiles*, 618 F.3d 383, 390 (3d Cir. 2010).

## A

A waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).  "We are loath to deem an objection waived without a clear indication of a party's intent to do so."  *United States v. Davis*, 105 F.4th 541, 548 (3d Cir. 2024).

The government's waiver argument is based on White's response when the District Court asked how he wished to proceed.  But the District Court's question was not open-ended.  The Court provided three options, one of which was to "do nothing and allow the jury to continue deliberations and you can preserve as an appellate matter whether the Court committed an abuse of discretion in returning the jury to deliberations."  App. 3192.  When presented with these options, White requested more information about what transpired and then agreed the jury should continue deliberating.

When the government asserted waiver in the District Court, the Court considered the options it presented alongside White's response, and it determined there was no clear indication of waiver.  On this record, that was not an abuse of discretion.

## B

A forfeiture is "the failure to make the timely assertion of a right," such as when a party inadvertently fails to raise an argument.  *Barna v. Bd. of Sch. Dirs. of Panther*

7

*Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (quoting *Olano*, 507 U.S. at 733).

The government argues that, even if there was no waiver, White forfeited any challenge to the District Court's ex parte conversations with jurors when he did not request a mistrial and instead agreed that the jury should continue deliberating.[3]

True enough, White did not request a mistrial. But we must be mindful of the unique circumstances of this case. The District Court confessed its error sua sponte, so it did not need a party objection to have notice of the error. Further, at the critical juncture for a mistrial motion, the District Court assured White that if he chose to do nothing and allowed the jury to continue deliberating, his challenge to the Court's error would be preserved for appellate review. According to the District Court, White selected that option. The District Court understood its assurance to relieve White of any obligation to make a motion to preserve his challenge. On this record, that no-forfeiture determination was not an abuse of discretion.[4]

---

[3] White argues that the government forfeited its forfeiture argument by failing to assert it before the District Court. We disagree. In its opposition to White's motion for a new trial, the government first argued that White's claim was waived and thus unreviewable. It then argued in the alternative that, if the claim is not waived, it is unpreserved and subject to plain-error review. Plain-error analysis applies to forfeited claims, not waived claims. *Gov't of V.I. v. Rosa*, 399 F.3d 283, 290–91 (3d Cir. 2005) ("Stated most simply, 'where there was forfeiture, we apply a plain error analysis; where there was waiver, we do not.'" (quoting *United States v. Mitchell*, 85 F.3d 800, 807 (1st Cir. 1996))). So by seeking plain-error review for a purportedly unpreserved claim, the government argued forfeiture.

[4] Judge Phipps respectfully dissents because in his view the new-trial argument was forfeited and does not survive plain-error review.

*    *    *

This case involves unique circumstances. After having ex parte and off-record conversations with jurors, the District Court (to its credit) promptly confessed error. It also assured White that his challenge to the error would be preserved for appellate review if he did nothing.

The District Court reviewed the record and determined that White neither forfeited nor waived his challenge to the Court's error. And our review of that determination is deferential. We discern no abuse of discretion, so we will affirm the District Court's order granting White a new trial.